# 19-O-47

## AN ORDINANCE AMENDING CHAPTER 10, SECTION 10-180 OF THE CITY OF ZION MUNICIPAL CODE REGARDING RENTAL HOUSING INSPECTION AND CERTIFICATION

**WHEREAS,** the City of Zion ("City") is an Illinois non-home rule municipality organized and operating under the Illinois Municipal Code (65 ILCS 5/1, et seq.) (the "Code"); and

**WHEREAS,** the Mayor and the City Council (collectively, the "Corporate Authorities") are committed to promoting the health, safety and general welfare of the residents of the City; and

**WHEREAS,** Chapter 10 of the City of Zion Municipal Code (the "Zion Municipal Code") contains the City's regulations regarding rental housing inspection and certification (the "Existing Regulations"); and

**WHEREAS,** the Corporate Authorities have determined that is necessary to update the Existing Regulations to ensure the City's regulations regarding rental housing inspection and certification sufficiently promote the health, safety and general welfare of the residents of the City; and

**WHEREAS,** the Corporate Authorities find that it is in the best interests of the City's residents to amend the Zion Municipal Code in accordance with this Ordinance;

**NOW THEREFORE, BE IT ORDAINED** by the Mayor and Commissioners of the City of Zion, Lake County, Illinois, as follows:

Section 1. The foregoing recitals are incorporated as though fully set forth herein.

Section 2. The Zion Municipal Code is hereby amended by amending Chapter 10, Section 10-180 as follows (additions underlined, deletions stricken):

1

**Sec. 10-180. - Rental housing inspection and certification.**

(1) *Definitions:* Unless otherwise expressly stated or clearly indicated by context, the following terms as used in this section shall have the meanings indicated in this section:

*Code* means the Municipal Code of the City of Zion, as amended, all city rules, regulations, and policies, and all state laws, rules, regulations, and policies.

*Code official* means the director of building and zoning or the director's designee.

*Dwelling unit* means a building or portion thereof designed to be used as a residence, or a single unit providing complete independent facilities for the exclusive use of a person or persons, including, but not limited to, provisions for living, sleeping, eating, cooking, and sanitation. A dwelling unit shall not include motels, hotels, nursing homes, boardinghouses, hospital patient housing, or rooming houses, as those terms are defined in section 102-281.

*Immediate family member* means husband, wife, father, mother, stepfather, stepmother, father-in-law, mother-in-law, son, daughter, stepson, stepdaughter, brother, sister, grandchild, grandparent, domestic partner, or ward.

*Initial inspection* means the first inspection of a dwelling unit for the purpose of determining compliance with the code.

*Let for occupancy or let* means to permit, provide or offer possession or occupancy of a dwelling unit to a person who is or who is not the legal owner of record thereof, pursuant to a written or unwritten lease, agreement, license, or similar instrument, or pursuant to a recorded or unrecorded agreement or contract of sale for the premises.

*Occupant* means a person occupying a dwelling unit or using the property as a legal address for any purpose.

*Owner* means any person, agent, operator, firm, or corporation having a legal or equitable ownership interest in a property.

*Person* means a corporation, firm, partnership, association, organization, or any group acting as a unit or legal entity, as well as a natural person.

*Property agent* means a person, operator, firm, partnership, corporation, or other legal entity designated in writing by the property owner on the owner's certificate of compliance application.

*Re-inspection* means any inspection of a residential rental property that occurs after the initial inspection.

*Residential rental property* means any dwelling unit let for occupancy to a person or persons for any amount of rent or compensation and for use as a dwelling unit.

(2) *Prohibited conduct*

(a) It shall be unlawful for any person to let to another for use or occupancy any residential rental property without a current and valid city-issued certificate of compliance.

(b) Reserved.

(c) It is unlawful for any person to occupy a residential rental property that does not have a valid city-issued certificate of compliance.

(d) It is unlawful to allow any person to occupy a residential rental property that does not have a valid city-issued certificate of compliance.

(e) ~~It is unlawful for any person to violate any provision of this section.~~

(3) *Certificate of compliance—conditions and term*

  (a) A certificate of compliance will remain valid until the sooner of any of the following occurs:

    (i) The city revokes or suspends the certificate of compliance in accordance with this section;

    (ii) For properties having to correct violations, 12 months after the date of the certificate of compliance's issuance; For properties having received a certificate of compliance from the city without having to correct any violations, 24 months after the date of certificate of compliance's issuance;

    (iii) The residential rental property is damaged or destroyed to the extent that it is no longer habitable.

  (b) A certificate of compliance may not be transferred between owners.

  (c) A certificate of compliance may not be transferred from one residential rental property to another.

  (d) Reserved.

(4) *Certificate of compliance—application*

  (a) Owners shall ~~complete~~submit a certificate of compliance application on a form provided by the city and provide all other information reasonably requested by the city. At a minimum, owners shall provide the following information for each residential rental property:

    (i) Owner's legal name, home and business address, home, business, and mobile telephone numbers, and e-mail address;

    (ii) Property agent's legal name, business address, business and mobile telephone numbers, and e-mail address;

    (iii) The address of the residential rental property;

    (iv) The residential rental property's square footage;

    (v) Reserved.

    (vi) The application and inspection fee listed in the city's fee schedule.

(b) An owner shall submit a revised application to the city within 30 days of any modifications to the information the owner previously provided on a certificate of compliance application.

(c) Applications for certificates of compliance shall be filed within 120 days of the effective date of this section. Thereafter, applications for certificates of compliance shall be filed at least 30 days before the certificate of compliance's expiration.

(d) Each certificate of compliance shall contain the certificate's date of issuance, the owner's name, and the address of the residential rental property that the certificate of compliance covers.

(e) Owners that fail to submit a certificate of compliance application in accordance with the timeframes set forth in this subsection 10-180(4) shall be required to pay an application and inspection fee equaling 200 percent of the application and inspection fee listed in the city's fee schedule.

(f) The city may issue a temporary certificate of compliance when, in the opinion of the code official, none of the violations observed threaten life-safety or health. Temporary certificates of compliance shall expire no later than 60 days after issuance.

(5) *Inspections*

(a) Upon submitting a certificate of compliance application, the owner, in consultation with any occupants, shall schedule with the city an inspection of the residential rental property within 30 days of submission of said application.

(b) Each inspection made by the code official shall be for the sole purpose of determining compliance with portions of the code. related to life and safety.

(c) The code official shall issue a certificate of compliance only upon finding that there is (i) no condition that would constitute a hazard to the health and safety of the occupants and (ii) that the residential rental property is otherwise fit for occupancy. If such findings are not made, the code official shall issue a notice to comply to the owner or property agent. Upon a re-inspection and evidence of which demonstrates compliance with items (i) and (ii) in the preceding sentence, the code official shall issue a certificate of compliance.

(d) The code official shall issue a certificates of compliance on the condition that the residential rental property remains in a safe, habitable, and code-compliant condition. If upon re-inspection the city determines that conditions exist which constitute a hazard to the occupants' health or safety, the city may immediately suspend or revoke the certificate of compliance by mailing notice to the owner or property agent.

(e) The code official shall maintain a city-wide plan of all residential rental properties occupied or held or offered for occupancy based on certificate of compliance applications and other reasonably available information.

(f) The code official shall establish and maintain a schedule of inspections necessary to carry out the intent and purpose of this section.

(g) In the event an owner, property agent, or occupant of a residential rental property refuses to either (i) allow the code official to inspect a residential rental property, or schedule a time for the code official to inspect the residential rental property within the timeframe described in subsection 10-180(5)(a), ~~or otherwise fails to comply with the code~~, the city reserves ~~all remedies to secure compliance with this section, including, without limitation,~~ the right to ~~seeking~~ an administrative search warrant in the Circuit Court of Lake County, Illinois solely for the purpose of conducting said inspection. ~~or suspending or revoking an owner's certificate of compliance.~~

(h) Violations discovered during an inspection shall be identified in a written notice to the owner or the property agent of the residential rental property. If the identity of the owner or property agent cannot be readily ascertained, the notice shall be mailed to the last taxpayer of record shown on the records of the Lake County Treasurer. Violation notices shall be mailed to the owner or property agent within 30 days of their discovery by the code official.

(i) The code official shall complete as many re-inspections as are reasonably necessary to ensure that appropriate corrective action has been taken to bring the residential rental property into compliance with the code. In the event an owner, property agent, or occupant fails to schedule a time for re-inspection or refuses to consent to re-inspection, the city reserves the right to seek an administrative search warrant in the Circuit Court of Lake County, Illinois.

(6) *Adjudication of Violations and Appeals*

(a) Any violation of this section shall be adjudicated by the code hearing department pursuant to the procedures set forth in Chapter 3 of the city code.

(b) ~~Any person receiving a violation notice pursuant to this section, any~~Any person denied a certificate of compliance, or any person whose certificate of compliance has been suspended or revoked shall have the right to appeal to the ~~planning and zoning commission~~ code official. Such an appeal shall be in writing and filed with the code official within 14 days of the date of the code official's action. The appeal shall contain a complete statement of the reasons for the appeal, the specific facts supporting the appeal, and all evidence the appellant intends to rely on to support the appeal. Within 14 days of receipt of such an appeal, the code official shall file a written sworn pleading or complaint with the code administrator regarding such appeal. Such an appeal shall be adjudicated pursuant to Chapter 3 of the city code.

(b) ~~The planning and zoning commission shall schedule a meeting to consider the appeal within 30 days of receiving the appeal. The planning and zoning commission may consider all facts, evidence, and testimony presented by the appellant and the code official, and all other information the planning and zoning commission determines to be relevant to the appeal.~~

~~(c) The planning and zoning commission shall send written notice of its decision to the owner within 30 days of hearing the appeal.~~

(8) *Other inspections:* Nothing in this section shall restrict, limit, or alter the city's authority to <u>legally</u> inspect any property nor impose penalties for violations of the code.

(9) *Penalty*

    (a) In addition to any other remedy, including, without limitation, remedies at law and in equity, any person violating the terms of ~~this~~ <u>subsection 10-180(2)</u> shall be fined not more than $750.00 for each day the violation continues nor less than $100.00 for each day the violation continues. Each day a violation continues shall be a separate offense.

    (b) Every act or omission by any person that constitutes a violation of ~~this~~ <u>subsection 10-180(2)</u> shall be deemed to be an act or omission of the owner and punishable in accordance with the terms of this section.

    <u>(c) An owner, property agent, or occupant's refusal to permit the city to perform an inspection or re-inspection shall not be considered a violation of this section and shall not result in the issuance of any fines or penalties.</u>

<u>(10) *Exceptions:* This section does not apply to the following:</u>

    <u>(a) motels, as defined in section 102-281;</u>

    <u>(b) hotels, as defined in section 102-281;</u>

    <u>(c) nursing homes, as defined in section 102-281;</u>

    <u>(d) boarding houses, as defined in section 102-281;</u>

    <u>(e) hospital patient housing, as defined in section 102-281;</u>

    <u>(f) rooming houses, as defined in section 102-281; and</u>

    <u>(g) dwelling units occupied by immediate family members of the property owner.</u>

Section 3. <u>Severability.</u> In the event a court of competent jurisdiction finds this Ordinance or any provision hereof to be invalid or unenforceable as applied, such

finding shall not affect the validity of the remaining provisions of this Ordinance and the application thereof to the greatest extent permitted by law.

Section 4. Repeal and Savings Clause. All ordinances or parts of ordinances in conflict herewith are hereby repealed; provided, however, that nothing herein contained shall affect any rights, actions, or causes of action which shall have accrued to the City of Zion prior to the effective date of this ordinance.

Section 5. Effectiveness. This Ordinance shall be in full force and effect ten (10) days from and after passage, approval and publication in pamphlet form as provided by law, and the provisions of the Zion Municipal Code amended herein shall be preprinted with the changes.

19-0-47

SO ORDAINED this 5th day of November, 2019, at Zion, Lake County, Illinois.

AYES: Comms. Fischer, Frierson, Holmes, Mayor McKinney
NAYS: None
ABSENT: Commissioner McDowell
ABSTAIN: None

City of Zion

Billy McKinney, Mayor

Attest

Sheryl Spooner, City Clerk

