UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEFINA LOZANO, *et al.*, | ) |
| | ) No. 19 CV 6411 |
| Plaintiffs, | ) |
| | ) |
| v. | ) Judge John F. Kness |
| | ) |
| CITY OF ZION, a municipal corporation, Mayor BILLY MCKINNEY, Commissioner of Building and Public Property JACQUELINE HOLMES, Director of the Zion Building Department RICHARD IANSON, and Inspector WARREN FERRY, in their official capacities, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## CONSENT DECREE

Plaintiffs Josefina Lozano, Robert Pierce, and Dorice Pierce and Defendant City of Zion (the "City") (collectively, the "Parties") hereby enter into this Consent Decree on the terms and conditions set forth herein.

## RECITALS

**WHEREAS**, Plaintiffs filed the above captioned action on September 26, 2019, raising claims that City of Zion Municipal Code §§ 10-180, *et seq.* (the "Prior Code") violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution and sought a declaratory judgment that the Prior Code, as applied to Plaintiffs, violated the Fourth Amendment, a permanent injunction, compensatory damages, attorneys' fees, and costs.

**WHEREAS**, the City amended the Prior Code on November 5, 2019, by enacting Ordinance 19-O-47 ("Amended Code").

**WHEREAS**, Plaintiffs filed a Second Amended Complaint in this action on November 26, 2019, alleging that the Amended Code violated their rights under the Fourth Amendment.

**WHEREAS**, the City filed an Answer to the Second Amended Complaint on November 4, 2021, denying Plaintiffs' allegations, and the City continues to deny that it violated Plaintiffs' rights under the Fourth Amendment.

**WHEREAS**, the City again amended Section 10-180 of the City Code on April 19, 2022, by enacting Ordinance No. 22-O-16 ("Current Code"), which remains in full force and effect on this date.

**WHEREAS**, in order to resolve their differences, the Parties have agreed to the terms and conditions included in this Consent Decree. The Court has not issued any findings of fact or conclusions of law in this action.

**WHEREAS**, the Court finds that the Parties have negotiated this Consent Decree in good faith and that the terms and conditions ordered herein are fair and reasonable.

**TERMS and CONDITIONS**

Accordingly, pursuant to the Parties' agreement, IT IS HEREBY ORDERED THAT:

1. An actual case and controversy exists sufficient to enter the instant Consent Decree.

2.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988.

3.  Venue here is proper pursuant to 28 U.S.C. § 1391.

4.  The obligations of this Consent Decree apply to and are binding upon the Parties and any successors, assignees, or other entities or persons otherwise bound by law.

5.  The City must provide a copy of this Consent Decree to the members of its City Council and to the City employees and agents (including contractors) whose duties might reasonably include compliance with, or oversight over compliance with, any provision of this Consent Decree.

6.  The City must not enact, re-enact, or enforce the version of Section 10-180 of the City Code as reflected in the Prior Code or the Amended Code as defined in the Recitals of this Consent Decree.

7.  The City shall not require advanced consent as a condition for submitting a completed Rental Housing Certification Application, as indicated by the amended Application attached hereto as *Ex. A*.

8.  The City must not enforce any of its ordinances, administrative rules, or policies in a manner that is inconsistent with the terms and conditions of this Consent Decree. The City must dismiss any pending fines and fees assessed solely because of a property owner's or tenant's refusal to consent to a rental inspection under the Prior Code or Amended Code. Furthermore, the City must not consider past violations of the Prior Code or Amended Code when issuing or renewing certificates of compliance.

9. The City shall post this Consent Decree and the Current Code on its main website for at least 1 calendar year.

## ENFORCEMENT

10. If Plaintiffs reasonably believe that the City is not in substantial compliance with the terms and conditions of this Consent Decree, Plaintiffs' attorneys must submit a written request for a meeting with the City to be held at a mutually agreeable time and place within 30 calendar days of the request to discuss and attempt to resolve the City's alleged noncompliance. In the event that the City and Plaintiffs' attorneys cannot come to an agreement that resolves the alleged noncompliance, Plaintiffs may move the Court for an order enforcing the provisions of this Consent Decree and any other enforcement and implementation mechanisms as may be necessary or appropriate. If the Court issues such an order, this Court may, in its discretion, award Plaintiffs reasonable attorneys' fees and costs associated with obtaining such an order. Conversely, if the Court denies such an order and finds that the motion was frivolous, this Court may, in its discretion, award the City reasonable attorneys' fees and costs associated with opposing the motion.

11. Any property owner or tenant subject to the City ordinances who reasonably believes that the City is not in substantial compliance with the terms and conditions of this Consent Decree may submit a written request for a meeting with the City to be held at a mutually agreeable time and place within 30 calendar days of the request to discuss and attempt to resolve the City's alleged noncompliance. In the event that the City and the property owner or tenant cannot come to an agreement that resolves the alleged noncompliance, the property owner or tenant may move the Court for an order enforcing the provisions of this Consent Decree and

any other enforcement and implementation mechanisms as may be necessary or appropriate. If the Court issues such an order, this Court may, in its discretion, award the property owner's or tenant's counsel their reasonable attorneys' fees and costs associated with obtaining such an order. Conversely, if the Court denies such an order and finds that the motion was frivolous, this Court may, in its discretion, award the City reasonable attorneys' fees and costs associated with opposing the motion.

12. The Court retains jurisdiction over this matter only to issue such orders and relief as may be necessary to enforce the terms and conditions of this Consent Decree.

13. The Parties may jointly move the Court to modify the terms and conditions included herein, which shall be effective if the Court grants the motion and enters an amended consent decree.

14. This Consent Decree becomes effective when the Court enters it and is filed on the docket.

Agreed to By and For Plaintiffs:

_____
Josefina Lozano

_____
Robert Pierce

_____
Dorice Pierce

6

any other enforcement and implementation mechanisms as may be necessary or appropriate. If the Court issues such an order, this Court may, in its discretion, award the property owner's or tenant's counsel their reasonable attorneys' fees and costs associated with obtaining such an order. Conversely, if the Court denies such an order and finds that the motion was frivolous, this Court may, in its discretion, award the City reasonable attorneys' fees and costs associated with opposing the motion.

12. The Court retains jurisdiction over this matter only to issue such orders and relief as may be necessary to enforce the terms and conditions of this Consent Decree.

13. The Parties may jointly move the Court to modify the terms and conditions included herein, which shall be effective if the Court grants the motion and enters an amended consent decree.

14. This Consent Decree becomes effective when the Court enters it and is filed on the docket.

Agreed to By and For Plaintiffs:

_____
Josefina Lozano

*Robert Pierce*
_____
Robert Pierce

*Dorice Pierce*
_____
Dorice Pierce

Agreed to By and For the City of Zion:

_Billy McKimney_
Name BILLY MCKINLEY
Title MAYOR

SO ORDERED, this 29th day of December 2022.

_John F. Kness_
JOHN F. KNESS
District Judge
United States District Court
Northern District of Illinois

7